
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7658 | **DATE** | 3/8/2001 |
| **CASE TITLE** | Korbelik vs. Peters et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 6-1) to dismiss is granted, and the action is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 09 2001 date docketed | 10 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAR 0 9 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN KORBELIK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HOWARD A. PETERS, III, Secretary of ILLINOIS DEPARTMENT OF HUMAN SERVICES, and ILLINOIS DEPARTMENT OF HUMAN SERVICES,<br><br>　　　　Defendants. | 00 C 7658 |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the motion of Defendants Linda Renee Baker and the Illinois Department of Human Services to dismiss the complaint. For the foregoing reasons, the motion is granted.

### BACKGROUND

For the purposes of Defendants' motion to dismiss, we must accept as true the following well-pleaded allegations of the complaint: Defendant Illinois Department of Human Services ("IDHS") hired Plaintiff Karen Korbelik in November 1978. Korbelik suffers from partial deafness, diabetes, and a brain ebolism. Korbelik alleges that



throughout her employment by IDHS, she has been harassed and disciplined on the basis of her disabilities. Korbelik also claims that IDHS and its Secretary, currently Linda Renee Baker (the "Secretary"), failed to accommodate her disabilities by denying her requests for time off, docking her pay, overly scrutinizing her work, and suspending her from her duties. Beginning in July of 1995, Korbelik began to complain to her immediate supervisors and their superiors about disability discrimination. Defendants allegedly retaliated against Korbelik for these complaints.

On December 28, 1998, Korbelik filed a two-count complaint against Defendants, alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. The case was voluntarily dismissed by stipulation on December 6, 1999. On December 6, 2000, Korbelik filed a new complaint to reinstate the case. Defendants have moved to dismiss the refiled complaint.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all

well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed. R. Civ. P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). It is with these principles in mind that we turn to the motion before us.

## DISCUSSION

### I. Disability discrimination and failure to accommodate

Count I of the complaint seeks money damages for disability discrimination and failure to accommodate in violation of Title I of the ADA. On February 21, 2001, the United States Supreme Court confirmed that suits in federal court by state employees to recover money damages by reason of the state's failure to comply with Title I of the ADA are barred by the Eleventh Amendment. Board of Trustees of the University of Alabama v. Garrett, 2000 WL 33179681. Count I cannot therefore state a claim on which relief may be granted.

Korbelik's argument that Illinois has consented to suit in this case is unavailing. First it must be noted that Defendants filed their answer on February 10, 1999, before it became the law of this circuit that private individuals could not sue the states under the ADA. See Erickson v. Board of Governors for Northeastern Illinois University, 207 F.3d 945 (7th Cir. 2000); Stevens v. Illinois Department of Transportation, 210 F.3d 732 (7th Cir. 2000). After those decisions issued, Korbelik reinstated the case, and Defendants promptly filed this motion to dismiss. Furthermore, the mere fact that the Illinois Attorney General appeared in federal court to represent the state's interests is not sufficient to constitute consent by Illinois or the IDHS to waive its Eleventh Amendment immunity. Stevens, 210 F.3d 736, n. 3 (citing Estate of Porter v. Illinois,

36 F.3d 684, 691 (7th Cir. 1994)) (finding no consent to suit under ADA even though state defended case through trial on the merits). Count I is dismissed with prejudice.

## II. Retaliation

Count II alleges that Defendants retaliated against Korbelik for complaining of disability discrimination. 42 U.S.C. § 12203 makes it unlawful for any person to retaliate against any individual for opposing any act or practice made unlawful by the ADA or for making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the statute. Defendants ask us to dismiss the claim simply because it has been brought under the ADA. The Supreme Court's holding in Garrett is expressly limited to claims brought under Title I of the ADA. See 2000 WL 33179681, at *3 n. 1 (declining to decide the issue whether Title II, "which has somewhat different remedial provisions from Title I," is constitutional as to suits by private individuals against the states). Section 12203 falls under Title V of the act. However, the Seventh Circuit's holdings in Erickson and Stevens do not appear to be so limited. See Erickson, 207 F.3d at 952 ("private litigation to enforce the ADA [against the states] may not proceed in federal court"); Stevens, 210 F.3d at 741 ("a department of the State of Illinois, cannot be sued without its consent in federal court for a violation of the ADA"). Although neither Erickson nor Stevens involved a retaliation claim, Korbelik makes no argument as to

why § 12203 should be carved out as an exception to the general rule governing ADA litigation against the states. Accordingly, the motion to dismiss Count II is granted.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted, and the action is dismissed with prejudice.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: March 8, 2001